UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. NARANJO,<br><br>         Petitioner,<br><br>v.<br><br>SCOTT KERNAN,<br><br>         Respondent. | Case No.: 15-CV-2666-AJB-BGS<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION, (Doc. No. 15);**<br><br>**(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (Doc. No. 1); AND**<br><br>**(3) DENYING CERTIFICATE OF APPEALABILITY** |

   On November 27, 2015, Jose A. Naranjo ("Petitioner") filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner asserts his Fourteenth Amendment right to due process was violated when (1) the trial court denied his motion to withdraw from a guilty plea; and (2) refused to grant him a continuance to fully contemplate the decision to plead guilty. (*Id.* at 1–2.) On March 2, 2016, Respondent filed a response to the Petition. (Doc. No. 10.) Petitioner filed a traverse on April 7, 2016.

1

(Doc. No. 14.)

Magistrate Judge Skomal issued a report and recommendation ("R&R") recommending the Petition be denied on both claims. (Doc. No. 15.) On May 11, 2017, Petitioner filed objections to the R&R. (Doc. No. 18.) Respondent did not reply. For the reasons outlined below, the Court **ADOPTS** the R&R and **DENIES** the Petition.

## FACTUAL BACKGROUND

The Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut this presumption, but only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parke v. Raley*, 506 U.S. 20, 35–36 (1992) (holding that findings of historical fact, including inferences properly drawn therefrom, are entitled to statutory presumption of correctness). The following facts are taken from the California Court of Appeal opinion:

> Naranjo dated the victim for about 10 years. On the evening of the day he ended their relationship, she went to a nightclub, which upset him. He drove to her home the next evening and she came outside to talk to him. She got into his truck and he started hitting her in the face. She tried to get out of the truck and escape, but he pushed her back inside and resumed hitting her.
>
> He continued hitting her as he drove her to a carpentry shop about six minutes away from her home. When they arrived at the shop, he insulted her and threatened to kill her. She removed her shoes, ran away, and yelled for help. He caught her and they fell to the ground. He covered her mouth and nose with his hand and told her to stop yelling.
>
> He took her back to the shop. As he was trying to open the shop door, she ran away again and tried to dial 911 on her phone. He caught her by her hair and took the phone from her. She passed out. He lifted her and carried her toward the shop. She regained consciousness along the way. He then put her down and they walked into the shop, where, after securing the door, he told her he was going to chop her into little pieces using the table saw.
>
> He started moving toward the table saw and she begged him not to hurt her. He pulled her up and took her to a stool. He asked her why she had disrespected him by going to the nightclub. He bent her over the stool, pulled her pants down, put his penis into her vagina and started moving. She cried and told him she did not want him to do what he was doing. He told her she had asked for it by going to the nightclub.

He then took her off the stool, put her on the floor, and began moving his penis in and out of her rectum. She told him he was hurting her and she could not breathe because her nose was bleeding, but he did not stop.

After he ejaculated, he had her get dressed and get back into his truck. He ran an errand and then took her home. She pretended everything was fine and kissed him goodbye. When she got to her door, she called the police. Her injuries included bleeding, a fractured nose, bites on her back, and injuries to her right thigh.

(Doc. No. 11-13 at 2–3.)

## **PROCEDURAL BACKGROUND**[1]

### *I. Initial Proceedings Before the State Courts*

On February 11, 2009, Petitioner pled guilty to forcible rape (Cal. Penal Code § 261(a)(2)), forcible sodomy (Cal. Penal Code § 286(c)(2)), assault likely to produce great bodily injury (Cal. Penal Code § 245(a)(1)) enhanced under California Penal Code § 12022.7(a) based on Petitioner's admission that he personally inflicted great bodily injury, and making criminal threats (Cal. Penal Code § 422). (Doc. No. 11-1 at 24–26; Doc. No. 11-3 at 3–4.) In exchange for his guilty plea to these charges, additional charges that might have resulted in a sentence of 25 years to life were dismissed, and Petitioner received a stipulated sentence of 18 years and 8 months. (Doc. No. 11-3 at 9–10; Doc. No. 11-4 at 20–21.)

On March 12, 2009, Petitioner filed a pro se motion to withdraw his guilty plea, claiming he entered his plea out of fear and under pressure from counsel and wanted an attorney that would dedicate more time to his case and get him a more equitable plea agreement. (Doc. No. 11-1 at 28–31.) The trial court appointed new counsel and his new counsel filed a motion to withdraw his guilty plea. (*Id.* at 32–34.)

The trial court held a hearing on the motion on June 3, 2009, heard testimony from

---

[1] Judge Skomal succinctly and accurately summarizes this case's procedural posture; as such, the Court largely incorporates the R&R's procedural background section into this order, though the Court also reviewed the lodgments.

3

Petitioner and his prior counsel, and denied his motion. (Doc. No. 11-4 at 1–19.) Petitioner was sentenced under the terms of the plea agreement to 18 years and 8 months. (*Id.* at 20–21.) Petitioner did not directly appeal the denial of his motion to withdraw his guilty plea.

On June 3, 2010, Petitioner filed a habeas corpus petition in San Diego Superior Court, arguing he was unduly influenced by his counsel to plead guilty, he was not aware of the charges he was pleading to, he should have been allowed to withdraw his plea, and his counsel should have filed an appeal of the denial of the motion to withdraw his plea. (Case No. 11-CV-1487, Lodgment 4.) It was denied on July 20, 2010. (Case No. 11-CV-1487, Lodgment 5.) Petitioner filed a petition with the California Court of Appeal on September 16, 2010. (Case No. 11-CV-1487, Lodgment 6.) It was denied in a reasoned decision. (Case No. 11-CV-1487, Lodgment 7.) Petitioner filed a petition with the California Supreme Court. (Case No. 11-CV-1487, Lodgment 8.) It was summarily denied. (Case No. 11-CV-1487, Lodgment 9.)

## II.     *Prior Federal Habeas Proceedings*

On July 1, 2011, Petitioner filed his first federal habeas petition raising four claims: (1) he was unduly influenced by his counsel to plead guilty; (2) he did not understand the charges to which he was pleading guilty; (3) the trial court erred in denying his motion to withdraw his guilty plea; and (4) he received ineffective assistance of counsel because his attorney failed to file a notice of appeal and failed to consult with him about filing a notice of appeal. (Case No. 11-CV-1487, Doc. No. 1.) The district court denied habeas relief on the first three claims, but allowed submission of all relevant evidence in support of claim four. (Case No. 11-CV-1487, Doc. No. 20 at 4–15.) Following the submission of additional evidence, the district court found Petitioner received ineffective assistance of counsel based on counsel's failure to consult with Petitioner about filing an appeal or filing an appeal on his behalf on the denial of his motion to withdraw his plea. (Case No. 11-CV-1487, Doc. No. 27.)

On this basis, the district court granted habeas relief and ordered the state court to vacate the June 3, 2009, judgment and reinstate it to allow Petitioner to file a timely appeal.

4

(*Id.* at 16.) The district court later modified its order to state that "The Petition for Writ of Habeas Corpus is GRANTED as to claim four. Respondent shall release Petitioner from custody on June 9, 2013 unless, prior to that date, the Superior Court of California, County of San Diego has vacated its June 3, 2009 order and judgment and then reinstated that order and judgment, thereby allowing Petitioner to initiate the appeal process from the reinstated judgment by seeking a certificate of probable cause." (Case No. 11-CV-1487, Doc. No. 29 at 3.) The district court also granted Petitioner a certificate of appealability as to claims one, two, and three. (*Id.* at 3–4.) The initial deadline for the state court to comply was extended a number of times by the district court, and then Respondent filed an appeal with the Ninth Circuit and sought and obtained a 30-day stay of the district court's order on July 17, 2013. (Case No. 11-CV-1487, Doc. No. 52.)

### III. *State Court Proceedings Following First Habeas Petition*

On July 17, 2013, a hearing was held before the state trial court to address compliance with the district court order. (Doc. No. 11-5 at 3–6.) The trial court noted that upon reviewing the situation, he had ordered counsel appointed for Petitioner, who was present in court. (*Id.* at 3.) It appears the trial court determined, after consultation with counsel for Petitioner, the attorney general's office, and the district attorney's office, that the only way the court could obtain jurisdiction to comply with the district court's directive to vacate and reinstate the judgment to allow Petitioner to appeal was for Petitioner to file a state habeas petition seeking that relief. (*Id.* at 3–4.)

After an additional hearing on July 18, 2013, before the state trial court, Petitioner filed a state habeas petition on July 30, 2013, seeking the relief granted by the district court. (*See* Doc. No. 11-7 at 3.) Petitioner then attempted to rescind it by letter on July 31, 2013, but then confirmed on the record at an August 5, 2013, hearing that he wanted it filed. (*Id.*) The trial court granted the state habeas petition during that hearing, finding Petitioner received ineffective assistance of counsel based on counsel's failure to consult with Petitioner about an appeal or file an appeal of the denial of the request to withdraw his plea. (*Id.* at 7.) The trial court vacated the June 3, 2009, judgment, reinstated it, and imposed the

5

15-CV-2666-AJB-BGS

same sentence. (*Id.* at 7–8.)

On appeal, Petitioner again challenged the denial of his motion to withdraw his plea as well as claiming the trial court judge became excessively involved in the state habeas proceedings and should have granted Petitioner a continuance. (Doc. No. 11-8.) The Court of Appeal affirmed the judgment in a reasoned decision. (Doc. No. 11-13.) Petitioner filed a petition for review with the California Supreme Court. (Doc. No. 11-14.) It was summarily denied on July 8, 2015. (Doc. No. 11-15.)

### IV. Current Federal Petition

On November 27, 2015, Petitioner filed the instant Petition in which he alleges (1) a due process violation for the denial of his motion to withdraw from the guilty plea; and (2) a due process violation for the trial court's denial of Petitioner's request for a continuance and the trial court's involvement following the district court's grant of habeas relief. (Doc. No. 1 at 4–15.) On March 2, 2016, Respondent filed an answer to the Petition, arguing that the state courts reasonably concluded Petitioner's claims are meritless, and he is not entitled to an evidentiary hearing. (*See* Doc. No. 10 at 3.)

On April 4, 2017, Judge Skomal issued an R&R, in which he made the following findings: (1) Petitioner's first claim is meritless because even when undertaking a *de novo* review of the record, Petitioner's plea was knowing and voluntary, and counsel was not ineffective in advising him on the plea deal; and (2) Petitioner's second claim is meritless because he was not prejudiced by not receiving a trial after the district court granted him limited habeas relief, and the trial judge's conduct did not deprive Petitioner of due process; and (3) there is no reason to conduct an evidentiary hearing. (Doc. No. 15.)

On May 11, 2017, Petitioner filed three objections to the R&R: (1) state law questions are cognizable under § 2254; (2) his plea was not knowing and voluntary, and he therefore should have been permitted to withdraw it; and (3) he was entitled to a trial, which the trial court prevented. (Doc. No. 18.) Respondent did not reply to Petitioner's objections.

## LEGAL STANDARD

The Petition is governed by the Antiterrorism and Effective Death Penalty Act

("AEDPA"), applying a "'highly deferential standard for evaluating state-court rulings,' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 & n.7 (1997)). Federal habeas relief may be granted if the state court (1) applied a rule different from the governing law provided by the United States Supreme Court; or (2) correctly identified the governing legal principle, but unreasonably applied it to the facts of the case. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

The duties of the district court with respect to a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing,* 874 F.2d 614, 617–18 (9th Cir. 1989).

As to portions of the report to which no objection is made, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Court,* 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo. See Robbins v. Carey*, 481 F.3d 1143, 1146–47 (9th Cir. 2007).

## DISCUSSION

"Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Here, the California Court of Appeal affirmed the judgment of the trial court in a reasoned decision, rejecting Petitioner's challenges to the denial of his motion to withdraw his plea and the trial court's conduct of the post-habeas proceedings. (Doc. No. 11-13.) The Supreme Court summarily denied

Petitioner's petition for review, (Doc. No. 11-15); thus, the Court "looks through" the Supreme Court's denial to review the appellate court's decision, *Ylst*, 501 U.S. at 806.

### I. *Due Process Violation Regarding Voluntariness of Guilty Plea*

In his first claim, Petitioner argued that he was deprived of due process because his guilty plea was entered under duress; thus, the trial court should have permitted Petitioner to withdraw it. (Doc. No. 1 at 4–7.) Petitioner asserted he "feared that his attorney was not prepared to defend him at trial" and was thus pressured into taking the plea. (*Id.* at 6.) In the R&R, Judge Skomal found this claim had already been evaluated and rejected by the state appellate court. (*See* Doc. No. 15 at 11–12, 14; *see also* Doc. No. 11-13 at 6–8.) Therefore, his only task was to determine whether the state court's denial of the claim was unreasonable. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011). Pursuant to 28 U.S.C. § 2254, federal habeas courts are not required to address whether the plea was knowing and voluntary, but rather whether there is any reasonable argument to support the state court's conclusion that the plea was knowing and voluntary. *See id.* at 101–02.

The California Court of Appeal found substantial evidence in the record existed to conclude that Petitioner's "guilty plea was not the result of any factor overcoming his exercise of free judgment," including the colloquy that took place between the trial judge and Petitioner at the time he entered the plea; the reasonableness of the decision to accept a determinate (albeit long) sentence as opposed to facing the possibility of never being released from prison if he went to trial and lost; and Petitioner representing he wanted to withdraw his plea, not because he believed the charges against him were defensible, but because he wanted a "better deal." (Doc. No. 11-13 at 8–9.) Judge Skomal agreed, finding that the state courts' conclusions that Petitioner's plea was knowing and voluntary were not contrary to, or an unreasonable application of, established federal law. (Doc. No. 15 at 15.)

In response to Judge Skomal's recommended denial of relief for the first claim, Petitioner asserts two objections. First, Petitioner argues a due process violation based upon California Penal Code section 1018 is cognizable under § 2254. (Doc. No. 18 at 2.) Second,

Petitioner emphasizes that his attorney and the prosecutor "grossly misstated" the potential sentence he faced if he went to trial. (*Id.* at 3.) Because the resolution of Petitioner's first objection depends on resolution of the second, the Court will address the second objection first.

### A. Voluntariness of Petitioner's Guilty Plea

"Due process . . . require[s] that a defendant's guilty plea be voluntary and intelligent." *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011) (per curiam) (quoting *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988)). A defendant who pleads guilty based upon the advice of counsel does not justify setting aside an otherwise valid guilty plea. *United States v. Broce*, 488 U.S. 563, 571–72 (1989). When a defendant wishes to attack a guilty plea based upon his attorney's assistance, relief may be provided only if a court determines that the advice received was outside the scope of advice provided by competent attorneys handling criminal cases. *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Whether a plea is valid turns on "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). When determining whether a plea was entered voluntarily and intelligently, the record must be reviewed to disclose whether the defendant understood the plea and its effects. *See Brady v. United States*, 397 U.S. 742, 747–49 & n.4 (1970). Of particular importance is that the defendant enter a guilty plea with "sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. A plea is coerced when the defendant was induced by promises or threats that would render the plea inherently involuntary. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986).

Petitioner asserts his plea was coerced because his defense attorney and the prosecutor "grossly misstated" the sentence he faced if he went to trial. (Doc. No. 18 at 3.) Specifically, Petitioner states he was threatened with a sentence of 64 years-to-life, a sentence which he could not have received because he was "not a[] habitual offender under

9

California Law," and his sentence could not be enhanced under California Penal Code section 667.5. (*Id.*)

Having reviewed the record *de novo*, the Court finds that Petitioner's contention is not borne out by the record. The first time it was indicated to Petitioner that he could face a determinate term of 64 years-to-life was on July 18, 2013, at a status hearing in state court after the district court granted Petitioner relief on his first habeas petition. (Doc. No. 11-6 at 2, 8.) Petitioner pled guilty on February 11, 2009. (Doc. No. 11-1 at 24–26.) Clearly, a representation made four years after he entered his guilty plea could not have coerced said plea. What was represented to Petitioner at the time he entered his plea was that he could face a sentence of 25 years-to-life. (Doc. No. 11-4 at 12.) Accordingly, the representation that Petitioner could face 64 years-to-life could not have coerced him into pleading guilty. *See Gray v. Yates*, No. C 06-0535 MJJ (PR), 2007 WL 3146942, at *5–6 (N.D. Cal. Oct. 25, 2007) ("Petitioner's plea was not coerced by threats of a life sentence because the only reference the trial court made to a life term occurred at the sentencing hearing, over a month after Petitioner entered his plea.").

When reviewing the information Petitioner had at the time he entered his guilty plea, the Court finds the trial court's determination that Petitioner voluntarily and intelligently entered his guilty plea was not contrary to, or an objectively unreasonable application of, clearly established federal law. On the change-of-plea form, Petitioner acknowledged the voluntariness of his plea by individually initialing the statements, "I have not been induced to enter this plea by any promise or representation of any kind," and "I am entering my plea freely and voluntarily, without fear or threat to me or anyone closely related to me." (Doc. No. 11-1 at 24.) Petitioner also acknowledged the constitutional rights he was giving up and the sentence he would receive by initialing each item. (*Id.* at 24–26.)

At the change-of-plea hearing, Petitioner confirmed the voluntariness of his plea. The trial judge asked Petitioner whether anyone had threatened him or anyone he cared about to force him to change his plea, and whether anyone forced him to change his plea. (Doc. No. 11-3 at 4.) Petitioner answered both questions negatively. (*Id.*) After Petitioner

10

15-CV-2666-AJB-BGS

California Law," and his sentence could not be enhanced under California Penal Code section 667.5. (*Id.*)

Having reviewed the record *de novo*, the Court finds that Petitioner's contention is not borne out by the record. The first time it was indicated to Petitioner that he could face a determinate term of 64 years-to-life was on July 18, 2013, at a status hearing in state court after the district court granted Petitioner relief on his first habeas petition. (Doc. No. 11-6 at 2, 8.) Petitioner pled guilty on February 11, 2009. (Doc. No. 11-1 at 24–26.) Clearly, a representation made four years after he entered his guilty plea could not have coerced said plea. What was represented to Petitioner at the time he entered his plea was that he could face a sentence of 25 years-to-life. (Doc. No. 11-4 at 12.) Accordingly, the representation that Petitioner could face 64 years-to-life could not have coerced him into pleading guilty. *See Gray v. Yates*, No. C 06-0535 MJJ (PR), 2007 WL 3146942, at *5–6 (N.D. Cal. Oct. 25, 2007) ("Petitioner's plea was not coerced by threats of a life sentence because the only reference the trial court made to a life term occurred at the sentencing hearing, over a month after Petitioner entered his plea.").

When reviewing the information Petitioner had at the time he entered his guilty plea, the Court finds the trial court's determination that Petitioner voluntarily and intelligently entered his guilty plea was not contrary to, or an objectively unreasonable application of, clearly established federal law. On the change-of-plea form, Petitioner acknowledged the voluntariness of his plea by individually initialing the statements, "I have not been induced to enter this plea by any promise or representation of any kind," and "I am entering my plea freely and voluntarily, without fear or threat to me or anyone closely related to me." (Doc. No. 11-1 at 24.) Petitioner also acknowledged the constitutional rights he was giving up and the sentence he would receive by initialing each item. (*Id.* at 24–26.)

At the change-of-plea hearing, Petitioner confirmed the voluntariness of his plea. The trial judge asked Petitioner whether anyone had threatened him or anyone he cared about to force him to change his plea, and whether anyone forced him to change his plea. (Doc. No. 11-3 at 4.) Petitioner answered both questions negatively. (*Id.*) After Petitioner

acknowledged understanding the rights he was giving up and admitting his guilt to each of the counts, the trial judge found that Petitioner "entered a knowing, voluntary and intelligent waiver of his constitutional rights." (*Id.* at 9.) The trial judge further found Petitioner "underst[oo]d the nature of these charges and the consequences of the plea." (*Id.* at 9–10.) Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Furthermore, the trial judge's finding that the plea was knowing, voluntary, and intelligent "constitute[s] a formidable barrier in any subsequent collateral proceedings." *Id.* Based on the record as a whole, the Court cannot say that the trial court was objectively unreasonable in its application of established federal law.

Nor is the Court convinced that Petitioner's defense counsel provided Petitioner with advice that fell outside the scope of advice provided by competent attorneys handling criminal cases. As the appellate court stated, defense counsel conveyed the difficult choice facing Petitioner, namely, a long determinate sentence with the promise of one day being released from prison, or an indeterminate sentence with no assurance of ever being released. (Doc. No. 11-13 at 8–9.) This advice did not fall outside the scope of advice provided by competent attorneys.[2] The appellate court's determination was therefore not contrary to or an unreasonable application of established federal law. The Court thus **OVERRULES** Petitioner's second objection.

### B. Violation of State Law

Federal habeas writs may not issue on the basis of a perceived error of a state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas

---

[2] Nor does the pressure that is inherently entailed in making the choice between a long determinate sentence and potential life imprisonment render Petitioner's plea involuntary. *See Brady*, 397 U.S. at 749–50; *see also id.* at 758 ("Although Brady's plea of guilty may well have been motivated in part by a desire to avoid a possible death penalty, we are convinced that his plea was voluntarily and intelligently made and we have no reason to doubt that his solemn admission of guilt was truthful.").

11

court to reexamine state-court determinations on state-law questions.") A petitioner cannot transform a state law issue into a federal one by labeling it a due process or equal protection violation. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (Petitioner "may not [] transform a state-law issue into a federal one merely by asserting a violation of due process.").

In his Petition, Petitioner asserts that the trial court violated California Penal Code section 1018 by denying Petitioner's request to withdraw his guilty plea. (*See* Doc. No. 1 at 5–6.) A violation of state law that does not also amount to a violation of a constitutional right, however, cannot serve as the basis for federal habeas relief. *See Little v. Crawford*, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006) (stating federal courts "cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question").

The California statute Petitioner asserts was violated states, in pertinent part, "On application of the defendant at any time before judgment . . . , the court may, . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." Cal. Penal Code § 1018. In California, "[w]ithdrawal of a guilty plea is left to the sound discretion of the trial court. A denial of the motion will not be disturbed on appeal absent a showing the court has abused its discretion." *People v. Huricks* 32 Cal. App. 4th 1201, 1208 (1995) (quoting *People v. Nance*, 1 Cal. App. 4th 1453, 1456 (1991)). Nothing in this standard "remotely suggests that a state court judge's exercise of such discretion would give rise to a federal due process violation. Accordingly, this claim does not warrant federal habeas relief." *Wagner v. Diaz*, No. 1:12-cv-01782-LJO-JL, 2015 WL 3563026, at *14 (E.D. Cal. May 28, 2015). In light of the Court's conclusion in the preceding section, the Court finds any purported violation of section 1018 cannot serve as the basis for federal habeas relief. *See, e.g.*, *Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006) (finding habeas petitioner's allegation that state court misapplied state law or "departed from its earlier decisions" does not provide basis for habeas relief); *Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998) (stating federal habeas relief is available "only for constitutional

violation, not for abuse of discretion"). Accordingly, the Court **OVERRULES** Petitioner's first objection.

## II. *Due Process Violation Based on Judicial Involvement*

In the Petition, Petitioner contends the trial court violated his rights to due process and a fair trial by excessively inserting itself into the proceedings and pressuring him into filing a state habeas petition. (Doc. No. 1 at 10–15.) This is the same argument the California appellate court considered and rejected. (Doc. No. 11-13 at 9–14.) Accordingly, Judge Skomal's only task on the R&R was to determine whether the state court's denial of the claim was contrary to or an unreasonable application of established federal law. *Harrington*, 562 U.S. at 100–01.

In the R&R, Judge Skomal determined that Petitioner is not entitled to relief because he has not established any prejudice, the proceedings before the trial court following the grant of habeas relief were neither unfair nor in violation of any fundamental conception of justice, and the trial court's insistence on expeditiousness in the face of the district court's order was not arbitrary. (Doc. No. 15 at 22–28.) Petitioner objects, arguing that he "was entitled to have his day in court (i.e. a trial)." (Doc. No. 18 at 4.)

Having reviewed the record *de novo*, the Court agrees with Judge Skomal that Petitioner is not entitled to habeas relief because he cannot show actual prejudice. *See Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015) (stating habeas relief is available only if prejudice is established). Petitioner's position that he was entitled to having the judgment vacated and proceeding to trial is fundamentally flawed because he was **not** afforded that relief by the district court. Rather, the district court granted him the limited relief of ordering the state court to "vacate its June 3, 2009 order and judgment and then reinstate[] that order and judgment, thereby allowing Petitioner to initiate the appeal process from the reinstated judgment by seeking a certificate of probable cause" based on defense counsel's failure to consult with Petitioner about an appeal after the trial court denied his motion to withdraw his plea. (Case No. 11-CV-1487, Doc. No. 27 at 16.) The district court expressly found that Petitioner "failed to demonstrate that the California Court of Appeal's decision,

13

15-CV-2666-AJB-BGS

finding that Petitioner voluntarily and knowingly entered his plea, was contrary to, or an unreasonable application of, Supreme Court precedent." (Case No. 11-CV-1487, Doc. No. 20 at 7.) The district court also found "the decision of the state court to deny Petitioner's motion to withdraw his guilty plea was not contrary to, or an unreasonable application of, Supreme Court precedent." (*Id.* at 9.)

In light of the foregoing, it is abundantly clear that Petitioner got exactly what he was afforded under the district court's order granting him federal habeas relief: the opportunity to appeal the denial of the motion to withdraw his guilty plea. The district court expressly denied him habeas relief relating to the entry of the guilty plea and denial of the motion to withdraw the plea. Petitioner cannot now object on the basis of being denied "his day in court." (Doc. No. 18 at 4.) There being no prejudice to Petitioner, there can be no habeas relief. On this basis, the Court **OVERRULES** Petitioner's third objection.

### III. *Certificate of Appealability*

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Here, the Court finds that reasonable jurists could not debate the Court's conclusion and therefore **DECLINES** to issue a certificate of appealability.

//
//
//
//

# CONCLUSION

Based on the foregoing, the Court **OVERRULES** Petitioner's objections, (Doc. No. 18), **ADOPTS** the R&R in its entirety, (Doc. No. 15), **DENIES** Petitioner's petition for writ of habeas corpus, (Doc. No. 1), and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated: August 22, 2017

Hon. Anthony J. Battaglia
United States District Judge